EASTERN DIS.
*April,* 1833.
══════════
MACALESTER
ET AL.
*vs.*
WILLIS ET AL.
BELL,
APPELLANT.

He further presented as an error in the face of the record, the absence of any evidence of the assignment of the bills of lading to the plaintiffs.

The first point was abandoned during the hearing, if it had not been, the fact having been proved by the jury, that there was no delivery, and the testimony not establishing any, we could not meddle with the verdict.

Where the plaintiff sues as the assignee of a bill of lading, for eighty-eight packages of merchandize, and the assignment of the bill to him is not proved if the jury find the delivery of eighty-six of the packages by the defendant to the plaintiffs, to be a recognition by the former, of the right of the latter, to demand the whole, the Supreme Court will not disturb the verdict.

On the second point, the fact is, that the bill of lading stated eighty-eight different packages or boxes to have been shipped; the defendant delivered eighty-six of them to the plaintiffs; this, in our opinion, justified the jury in concluding, that the delivery of such a considerable portion of the merchandize to the plaintiffs, was a recognition of their rights to receive the whole in the bill of lading, which precluded him from contesting it. After the finding of the jury on this point, in their favor, the matter cannot have a different determination in this court.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

═══════════════

## MACALESTER ET AL. *vs.* WILLIS ET AL.
### BELL, APPELLANT.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

A claim, with privilege on the funds of defendant, in the garnishees hands, urged by the latter in his answers to interrogatories, and unsupported on the trial, will not be examined in the Supreme Court.

The plaintiffs claimed three thousand and seventy-two dollars and forty-eight cents, for merchandize sold and deli-

vered to the defendants, who resided out of the state, and cited Bell as garnishee. He answered, that he had in his possession, and belonging to the defendants, sixty-eight pieces of bagging and one hundred and twenty-three boxes tin, and an outstanding claim for two thousand seven hundred and forty-two dollars and ninety-nine cents; that the defendants were indebted to him *certainly* in the sum of three thousand one hundred and forty-three dollars and eighty-four cents; and *as he believed*, in the further sum of two thousand and sixty-three dollars and forty-four cents, and that he had a privilege over all others, in all the property of the defendants in his hands, for the payment of the amount due to him.

Eastern Dis.
*April*, 1833.

MACALESTER
ET AL.
*vs.*
WILLIS ET AL.
BELL,
APPELLANT.

Judgment was rendered against the defendants for three thousand and sixteen dollars and eighty-one cents. The garnishee appealed.

The opinion of the court, PORTER, J. absent, was delivered by MATHEWS, J.

This suit was commenced by attachment, and Samuel C. Bell was summoned as garnishee, who, in answering interrogatories propounded to him, acknowledged property in his possession, and credits belonging to the defendants to a certain amount. The court below rendered judgment in favor of the plaintiffs against the defendants, for the sum claimed in the petition, and also condemned the garnishee to pay over to the former, the amount of funds of the latter appearing to be in his hands, and from this judgment, he appealed.

The cause is submitted to this court without argument and without any points filed on the part of the appellant.

We have examined the testimony on which the Parish Court seems to have founded its judgment, and are unable to perceive any error in relation to the amount adjudged to the plaintiffs. It is true the garnishee claimed in his answers to the interrogatories, privilege on the funds acknowledged to be in his possession, on account of advances of money made to

*A claim, with privilege on the funds of defendant, in the garnishee's hands, urged by the latter in his answers to interrogatories, and unsupported on the trial, will not be examined in the Supreme Court.*

EASTERN DIS.
*April*, 1833.

the defendants; but this claim of privilege does not appear to have been supported on the trial of the cause.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the Parish Court be affirmed with costs.

*Peirce*, for appellants.

*L. C. Duncan*, for appellees.